GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

EDMUND K. SAFFERY     5860-0
   esaffery@goodsill.com
ANDREW I. KIM            10790-0
   akim@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Defendant
LOWES HOME CENTERS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELANIA LAYUGAN,<br><br>            Plaintiff,<br><br>  vs.<br><br>LOWE'S HOME CENTERS, LLC; JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and OTHER ENTITIES 1-10,<br><br>            Defendants. | CIVIL NO. 1:21-cv-465<br>(Non Vehicle Tort)<br><br>DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL; DECLARATION OF COUNSEL; EXHIBITS "1"-"2"; CERTIFICATE OF SERVICE |

## DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

Defendant Lowe's Home Centers, LLC ("Lowe's"), by and through its attorneys, Goodsill Anderson Quinn & Stifel LLP, A Limited Liability Law Partnership, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and Rule 11 and 81(c) of the Federal Rules of Civil Procedure, hereby petitions the above-entitled Court for removal of the matter of *Melania Layugan v. Lowe's Home Centers, LLC*, Civil No. 1CCV-21-0000995, from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii.  Removal is based upon 28 U.S.C. § 1332(a) and the procedural requirements for removal have been satisfied.  As grounds for removal, Lowe's states as follows:

1. On August 10, 2021, Plaintiff Melania Layugan ("Plaintiff") commenced an action against Lowe's by filing her Complaint in the Circuit Court of the First Circuit, State of Hawaii (the "State Court Action").  Pursuant to 28 U.S.C. § 1446(a), copy of all process, pleadings, and orders served upon Lowe's in the State Court Action, including the Complaint, is attached hereto as Exhibit "1" to the Declaration of Counsel.

2. The Complaint was served on Lowe's on October 27, 2021. *See* Return and Acknowledgment of Service, Exhibit "2" to the Declaration of Counsel.

3. Upon information and belief, Plaintiff is domiciled in Hawaii, and a state citizen of Hawaii within the meaning of 28 U.S.C. § 1332(a)(1).

4. The Complaint filed in the State Court Action states that Plaintiff "is, and at all relevant times herein was," a resident of the State of Hawaii. (*See* Complaint, ¶ 1.)

5. Lowe's is a foreign limited liability company. Its only member is Lowe's Companies, Inc., a North Carolina corporation with its principal place of business in North Carolina. Lowe's is therefore deemed a citizen of North Carolina for purposes of 28 U.S.C. § 1332(a)(1). *See Ryan v. Salisbury*, 380 F.Supp.3d 1031, 1047 (D. Haw. 2019) ("[F]or purposes of diversity jurisdiction, 'a [limited liability corporation] is a citizen of every state of which its owners/members are citizens.'") (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

6. All other defendants are fictitiously named: JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and OTHER ENTITIES 1-10 ("Doe Defendants"). The citizenship of Doe Defendants shall be

disregarded in determining whether an action is removable under 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1441(b)(1).

7. Complete diversity of citizenship exists between Plaintiff and Lowe's because they are citizens of different states.

8. Based on information and belief and the allegations in the Complaint, it is facially apparent that the alleged amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This Court "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy" or "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citations omitted). A defendant must only prove by preponderance of the evidence, i.e. that it is "more likely than not" that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

9. In the Complaint, Plaintiff alleges that she was "seriously injured in her health, strength and activity, sustaining injury to her body." Complaint at ¶12. The Complaint also alleges: "Plaintiff's injuries caused and continue to cause Plaintiff great mental, physical, emotional distress and suffering . . . ." *Id.*

10. Here, although Plaintiff does not allege a specific amount of damages, this Court should consider that her claimed general damages for allegedly great mental, physical, emotional distress and suffering, special damages and future damages including medical expenses and lost income, and claim for punitive damages, will more than likely exceed $75,000. "Where a Plaintiff has prayed for 'compensatory and punitive or treble damages, as well as attorney's fees' this Court has held that the jurisdictional requirement is satisfied." *Minnoch v. Kaiser Found. Health Plan, Inc.*, No. CIV.08-00176DAE-BMK, 2008 WL 4527343, at *2 (D. Haw. Oct. 8, 2008) (citing *Engle v. Liberty Mut. Fire Ins. Co.*, 402 F.Supp.2d 1157, 1160 (D. Haw. 2005)).

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Lowe's and because the amount in controversy will more likely than not exceed $75,000.00, exclusive of interest and costs.

12. The United States District Court for the District of Hawaii encompasses the county in which the State Court Action is now pending, and therefore this Court is the proper District Court to which this case should be removed pursuant to 28 U.S.C. § 1441(a).

13. This Notice of Removal is being filed within thirty (30) days after the service of the Complaint and Summons on Lowe's on October 27, 2021, and therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

14. By removing this action, Lowe's does not waive any defenses available to it.

15. By removing this action, Lowe's does not admit any of the allegations in Plaintiff's Complaint.

16. This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Lowe's prays that the above-entitled action be removed from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii.

DATED: Honolulu, Hawaii, November 24, 2021.

/s/ Andrew I. Kim
EDMUND K. SAFFERY
ANDREW I. KIM

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELANIA LAYUGAN,<br><br>             Plaintiff,<br><br>  vs.<br><br>LOWE'S HOME CENTERS, LLC; JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and OTHER ENTITIES 1-10,<br><br>             Defendants. | CIVIL NO. 1:21-cv-465<br>(Non Vehicle Tort)<br><br>DECLARATION OF COUNSEL |

### **DECLARATION OF ANDREW I. KIM**

I, Andrew I. Kim, under penalty of perjury declare as follows:

1. I am an attorney at law licensed to practice before this Court. I make this declaration on the basis of personal knowledge in my capacity as counsel for the Defendant, Lowe's Home Centers, LLC ("Lowe's"). If called as a witness I could and would testify competently thereto under oath.

2. I make this declaration in support of Defendant Lowe's Home Centers, LLC's Notice of Removal of the matter of *Melania Layugan v. Lowe's Home Centers, LLC*, Civil No. 1CCV-21-0000995 ("State Court Action"), from

8963093.1

the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii.

        3.      Attached hereto as **Exhibit "1"** is a true and correct copy of all process, pleadings, and orders served upon Lowe's in the State Court Action, including the Complaint filed on August 10, 2021 in the Circuit Court of the First Circuit.

        4.      Attached hereto as **Exhibit "2"** is a true and correct copy of the Return and Acknowledgment of Service filed October 29, 2021 in the Circuit Court of the First Circuit.

        5.      I declare under penalty of perjury that the foregoing is true and correct.

        DATED:  Honolulu, Hawai'i, November 24, 2021.

                            /s/ Andrew I. Kim
                              ANDREW I. KIM